| 2120 – Served | 2121 - Served | | FILED |
| 2220 - Not Served | 2221 - Not Served | | 6/12/2019 3:19 PM |
| 2320 - Served By Mail | 2321 - Served by Mail | | DOROTHY BROWN |
| 2420 - Served by Publication | 2421 - Served by Publication | | CIRCUIT CLERK |
| SUMMONS | SUMMONS | (Rev.12/22/92) CCG-1 | COOK COUNTY, IL |
| | | | 2019L006520 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

5393923

PAUL TORGERSEN,

             Plaintiff,

vs.

SIEMENS BUILDING TECHNOLOGIES, INC.,
SIEMENS INDUSTRY, INC.,
SIEMENS CORPORATION,
SIEMENS ENERGY & AUTOMATION, INC.

             Defendants.

No. 2019L006520
SHERIFF PLEASE SERVE:
CT Corporation, Registered Agent for
SIEMENS CORPORATION
208 South LaSalle Street, Suite 814
Chicago, IL 60604

## SUMMONS

To each defendant: **SIEMENS CORPORATION**

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, 50 W. Washington St., Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

    **To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

                                                                 <DocketDate>> DOROTHY BROWN
                                                                 WITNESS, _____, 2019

                                                                   Clerk of Court

Daniel H. Streckert, Esq.
GWC Injury Lawyers LLC
Attorney for Plaintiffs
One East Wacker Drive, #3800
Chicago, Illinois 60601
Telephone: 312/464-1200
Atty. No. 63626
Email: dstreckert@gwclaw.com

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

**\*\*Service by Facsimile Transmission will be accepted at _____**
                                                            (Area Code) (Facsimile Telephone Number)
***DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS***

[1789846/1]

12-Person Jury

#63626

FILED
6/12/2019 3:19 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L006520

DHS/17989

5393923

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| PAUL TORGERSEN. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | NO: 2019L006520 |
| SIEMENS BUILDING TECHNOLOGIES, INC., ) | |
| SIEMENS INDUSTRY, INC., ) | |
| SIEMENS CORPORATION, ) | JURY DEMAND |
| SIEMENS ENERGY & AUTOMATION, INC. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Paul Torgersen, by and through his attorneys GWC Injury Lawyers LLC, and complaining of the Defendants, Siemens Building Technologies, Inc., Siemens Industry, Inc., Siemens Corporation and Siemens Energy & Automation, Inc., alleges as follows:

1. On and before June 14, 2017, the Defendants, Siemens Building Technologies, Inc., Siemens Industry, Inc., Siemens Corporation and Siemens Energy & Automation, Inc. were in charge of the erection and construction project located at Adlai E. Stevenson High School, in the City of Lincolnshire, County of Lake and State of Illinois.

2. At the aforementioned time and place, the Plaintiff's decedent was an electrician employed by LLD Electric on said project in the furtherance of the aforesaid work.

3. At the aforesaid time and place, and prior thereto, the Defendants, Siemens Building Technologies, Inc., Siemens Industry, Inc., Siemens Corporation and Siemens Energy & Automation, Inc., individually and through their agents, servants and/or

[1788540/1]                                             1

employees was present during the course of such erection and construction. The Defendants participated and coordinated in the work being done and designated various work methods, maintained and checked work progress and participated in scheduling of the work and the inspection of the work. In addition thereto, at that time and place, the Defendants had the authority to stop the work, refuse the work and materials and order changes in the work.

4. At the aforesaid time and place, and prior thereto, the Defendants, Siemens Building Technologies, Inc., Siemens Industry, Inc., Siemens Corporation and Siemens Energy & Automation, Inc., placed and operated, or caused to be placed and operated, temporary work platform/a ladder that was employed in furthermore of the work.

5. The Defendants, Siemens Building Technologies, Inc., Siemens Industry, Inc., Siemens Corporation and Siemens Energy & Automation, Inc., had a duty to exercise reasonable care in their control of the construction site and work being done thereon to prevent injury to those engaged in work upon said construction site and specifically, the Plaintiff.

6. At said time and place, the Plaintiff, in the course of his employment, was working at or near a VAV box located at the building on a temporary work platform, a ladder, elevated by the use of the aforesaid ladder.

7. At said time and place, Paul Torgersen was caused to fall from said ladder. Due to the unreasonable dangerous condition of the work site, including the live electrical wiring in the area at or near the VAV box where Plaintiff was required to work.

8. The Defendants, Siemens Building Technologies, Inc., Siemens Industry, Inc., Siemens Corporation and Siemens Energy & Automation, Inc., by and through their

agents, servants and/or employees, became guilty of one or more of the following careless and negligent acts and/or omissions:

   a) Carelessly and negligently failed to de-energize the electrical wires at or near the VAV box and/or HVAC the Plaintiff was working on required by OSHA 1926, section 416;

   b) Failed to require, direct, instruct, or ensure that the subcontractor de-energize the wires at or near the VAV box and/or HVAC unit the Plaintiff was working on as required by OSHA 1926, section 416;

   c) Failed to require, direct, instruct, or ensure that the exposed electrical wires were protected and/or guarded near the VAV Box and/or HVAC unit in which Plaintiff was working on so as not to cause to injury Plaintiff;

   d) Failed to require, direct, instruct, or ensure that the entire electrical system was locked out and tagged out so as to prevent the unanticipated transfer of electrical power from the system to its wires and the Plaintiff.

   e) Failed to make a reasonable inspection of the premises and the electrical components and the work being done thereon, when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff;

   f) Carelessly and negligently failed to provide electrical protective equipment when working in area with potential electrical hazards as required by OSHA 1910, section 335;

   g) Improperly operated, managed, maintained and controlled the aforesaid construction, maintenance, and/or inspection near the electrical wires so that as a direct and proximate result thereof, the Plaintiff was injured;

   h) Failed to provide the Plaintiff with a safe place within which to work;

   i) Failed to warn the Plaintiff of the dangerous conditions that existed when the Defendants knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

j) Failed to provide adequate safeguards to prevent the Plaintiff from injury while working upon said premises;

k) Failed to insure that the proper materials, methods and procedures were utilized in the service and maintenance of the electrical wires near the VAV box and/or HVAC the Plaintiff was working on so as not to cause the Plaintiff to be injured.

l) Failed to supervise, plan, set up, establish and control the job so as to verify the requisite safety measures existed for the Plaintiff to perform his work;

9. As a direct and proximate result of one or more of the aforesaid careless and negligent acts of the Defendants, Siemens Building Technologies, Inc., Siemens Industry, Inc., Siemens Corporation and Siemens Energy & Automation, Inc., the Plaintiff fell from the aforementioned ladder after being electrocuted thereby sustaining severe injuries.

10. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff, Paul Torgersen, then and there sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to his usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, Paul Torgersen, prays for judgment against the Defendants, Siemens Building Technologies, Inc., Siemens Industry, Inc., Siemens

Corporation and Siemens Energy & Automation, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs.

> GWC Injury Lawyers LLC
>
> /s/Daniel H. Streckert
> One of Plaintiff's Attorneys

Daniel H. Streckert
GWC Injury Lawyers LLC
One E. Wacker Drive, Suite 3800
Chicago, IL 60601
P: 312/464-1200  F: 312/464-1212
dstreckert@gwclaw.com
#63626

[1788540/1]

5

# 63626                                                          DHS/17-589

**IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

| | |
|---|---|
| PAUL TORGERSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | NO: |
| SIEMENS BUILDING TECHNOLOGIES, INC., ) | |
| SIEMENS INDUSTRY, INC., ) | |
| SIEMENS CORPORATION, ) | JURY DEMAND |
| SIEMENS ENERGY & AUTOMATION, INC. ) | |
| ) | |
| Defendants. ) | |

**AFFIDAVIT OF DAMAGES**
**SUPREME COURT RULE 222**

Pursuant to Supreme Court Rule 222(b) the damages sought by the Plaintiff is in excess of $50,000.00.

                                              /s/Daniel H. Streckert
                                              Daniel H. Streckert
                                              GWC Injury Lawyer LLC
                                              Attorneys for the Plaintiff
                                              One East Wacker Drive, Suite 3800
                                              Chicago, IL 60601
                                              dstreckert@gwclaw.com
                                              #63626
                                              P: 312/464-1200
                                              F: 312/464-1212

[X]     Under penalties as provided by law pursuant to 735 ILCS 5/1-109(1993), I certify that the statements set forth herein are true and correct.