3546C                                                                                                    6190288

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PAUL TORGERSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO: 1:19-cv-04975 |
| | ) | |
| SIEMENS BUILDING TECHNOLOGY, | ) | Honorable Susan Cox |
| INC., SIEMENS INDUSTRY, INC.; | ) | |
| SIEMENS CORPORATION, and SIEMENS | ) | |
| ENERGY & AUTOMATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION FOR EVIDENTIARY HEARING REGARDING DISCOVERY VIOLATIONS AND SPOLIATION OF EVIDENCE

NOW COMES the Defendant, SIEMENS INDUSTRY, INC., successor by merger to Siemens Building Technology, Inc. and successor by merger to Siemens Energy & Automation, Inc. and Siemens Corporation, by and through its attorneys, CAMELI & HOAG, P.C., and the Third-Party Defendant LLD ELECTRIC CO., by and through its attorneys, SMITHAMUNDSEN, LLC, pursuant to Fed. R. Civ. P. Rules 33, 34, 37 and Local Rule 37.2, and seeking the Court to exercise its inherent authority for orderly court process to occur, seeks an order of this Court to compel Plaintiff, PAUL TORGERSEN, to supplement disclosures, provide proper supplemental answers for his Answers to Interrogatories, and to supplement responses and produce all medical records as requested in the Request to Produce and in support thereof states as follows:

## **FACTS AND PROCEDURAL HISTORY**

1.  This case involves an alleged construction site fall accident that occurred June 14, 2017, at Adlai E. Stevenson High School, City of Lincolnshire, County of Lake, State of Illinois. Plaintiff is seeking damages for personal injury and past and future lost earnings and wages. As far as Defendant and Third-Party Defendant understand, Plaintiff alleges an electrocution and fall injury, resulting in a left shoulder injury. The injuries and damages have never been fully disclosed and Defendants now seek an evidentiary hearing as a result multiple, ongoing discovery violations.

**Discovery Violation One – Failure to Disclose Recent Medical Treatment**

2.  On March 15, 2021, Plaintiff, Defendant, and Third-Party Defendant filed a Joint Motion to Extend Fact Discovery. (Dk #74) In that Motion, the parties stated jointly that they were "working to reschedule the Plaintiff's deposition in the near future, hopefully by the second or third week of April 2021." This motion was the product of multiple conference calls between Plaintiff, Defendant and Third-Party Defendant to discuss and set a reasonable schedule for discovery in this case.

3.  During those calls, the attorneys discussed ongoing discovery and expectations for when discovery could be completed. At no point did Plaintiff advise Defendant or Third-Party Defendant that Plaintiff was continuing to treat for his alleged medical conditions or would be unavailable to participate in a discovery deposition.

4. Indeed, records produced by Plaintiff indicate that his treatment had more or less ceased as of the fall of 2018, with Plaintiff reporting minimal complaints of pain and seemingly requiring no further medical treatment in the future. Based on these records and based on the lack of contrary disclosure from Plaintiff, Defendant and Third-Party Defendant were prepared to depose the Plaintiff and commence oral discovery.

5. Accordingly, on March 15, 2021, based on the representations of the Plaintiff, the parties jointly filed their motion to extend the discovery schedule. Based on those same representations, this Court entered an order extending the discovery schedule, but noted that "NO FURTHER" extensions would be granted.

6. Shortly after the entry of that order, and consistent with the schedule set forth in the Joint Motion, Defendant Siemens issued a notice for a deposition of the Plaintiff for April 12, 2021. Upon receipt, Plaintiff's counsel's law office by the March 24, 2021, 3:45 p.m. email advised "Mr. Torgersen might be having surgery the first week of April. He will be unavailable to appear for his deposition on April 12th." EX. A. Again, there had been no prior disclosures of any medical treatment or the need for any surgery.

7. Third-Party Defendant immediately objected, referencing the order entered by this Court, noting that the parties had engaged in multiple conferences to discuss discovery deadlines. "That was the time to tell us that the Plaintiff was having surgery and wasn't going to be able to testify in April." In a subsequent email, Third-Party Defendant questioned how the parties could be prepared for a deposition when

the Plaintiff "failed in his most basic obligation to keep [them] apprised of his claims of injuries and damages[?]" EX. A.[1] March 24, 2021 Emails Between Parties.

8. Obviously, as the Defendants noted, "[s]urely [Mr. Torgersen] did not just sign up for a surgery in the last few days." *Id.* In subsequent emails, both Defendant and Third-Party Defendant demanded an immediate disclosure of recent treatment, including the treatment that allegedly resulted in surgery.

9. Plaintiff has not provided any supplemental production. Defendant and Third-Party Defendant have no idea what surgery may or may not be proceeding, which doctor ordered it, or whether or not it is even being claimed in this case. All Defendant and Third-Party Defendant know is that, according to Plaintiff's warning, Mr. Torgersen may not be competent to testify, given that he could be on "significant pain meds…." *Id.* It seems apparent that Plaintiff will dispute any trial impeachment with a claim he was heavily medicated at his deposition, obviating the main benefit of a deposition.

10. This is a clear violation of the Rules and seemingly intentional obstruction of the discovery process. Indeed, the this appears to be part of a larger pattern of Plaintiff continually shirking and ignoring his obligations under the Rules.

**Discovery Violation Two – Failure to Disclose Past Medical Treatment**

11. In addition to the above failure, Plaintiff has seemingly refused to answer interrogatories regarding his prior medical conditions. Specifically, Torgersen has had multiple surgeries that Defendant and Third-Party Defendants have only

---

[1] Exhibit with PII has been filed under seal so it is not in the public record.

uncovered *via* a thorough medical investigation. Specifically, in 2012, Plaintiff underwent arthroscopic surgery for a right rotator cuff injury. EX. C.[2] That treatment has not been disclosed. EX. D-1.[3] See, July 31, 2020, Answers to Supplemental Interrogatory No. 8. EX. D-2.[4] The injury in this case is apparently a left shoulder injury, but the lack of accurate disclosures makes it difficult to tell. Through their medical investigation, Defendant and Third-Party Defendant have discovered that Plaintiff sustained a "30% permanent functional deficit" left shoulder injury in 1996. EX. E.[5] None of this has ever been produced or disclosed. Plaintiff seems content to bask in his opposing counsels' ignorance. Movant's counsel has also learned that Plaintiff's counsel's law firm has represented Mr. Torgersen on prior occasions, perhaps more than once. It is simply inconceivable that the same law firm that represented the same person in a prior dispute and produced those records then now actively fails to disclose, supplement, answer and/or produce them in this litigation as required by the Rules and especially since the same exact body part, the Plaintiff's left shoulder, was in some manner injured "permanently" in 1996. None of this has been disclosed by Plaintiff.

### Discovery Violation Three – Intentional Destruction of Evidence

12. It gets worse. Not only does the Defendant and Third-Party Defendant face severe prejudice due to Plaintiff's inaction they have also learned that they are

---

[2] Exhibit with PII has been filed under seal. Note that this May 14, 2013 letter indicates Plaintiff was represented in a legal matter concerning the 2011 injury by the same law firm that represents Plaintiff in this pending litigation.
[3] Exhibit with PII has been filed under seal.
[4] Exhibit with PII has been filed under seal.
[5] Exhibit with PII has been filed under seal.

apparently the victims of an active and ongoing effort to sanitize information potentially damaging to Plaintiff's claims.

13. At some point, Plaintiff Paul Torgersen had a Facebook page. That page was https://www.facebook.com/paul.torgersen.9. On his page, Torgersen described himself as "Retired at IBEW Local 150." Despite claims of being unable to work in any capacity, Torgersen posted photographs of himself on vacation, driving his cars and riding his motorcycle. Ex. F, Screenshots of Facebook page. As recently as May 17, 2020, Torgersen was riding his motorcycle with his friends and his girlfriend. Id.

14. Upon discovering the page, on July 13, 2020, Third-Party Defendant served written discovery on the Plaintiff asking about social media accounts. Ex. G[6], Proof of Service. In Interrogatory No. 18, Third-Party Defendant asked:

> Do you, Paul Torgersen, use, maintain or otherwise log into any social media accounts, including, but not limited to accounts on Facebook, Twitter, Instagram and/or YouTube? If so, please state:
>
> a) the name of any account(s) held by the Plaintiff;
> b) the username associated with any such account;
> c) **copies of any activity, posts, or updates since the date of the occurrence**;
> d) whether or not any such accounts were or have been deactivated since the date of the occurrence.

15. In the days that followed, Third-Party Defendant observed that the Torgersen Facebook page had been deleted or otherwise removed. The link, https://www.facebook.com/paul.torgersen.9 remains inaccessible. Three months after Third-Party Defendant requested this information, Plaintiff finally answered discovery, objecting that a disclosure of the once publicly viewable Facebook page

---

[6] Exhibit with PII has been filed under seal.

"[u]nnecessarily invades Plaintiff's privacy." Ex. H[7], Plaintiff's Answers to LLD's Interrogatories.

16. The objection is meritless under the law. This is not an invasion of privacy. Paul Torgersen posted the information for the world to see. While this is not a criminal case, in considering privacy rights and Fourth Amendment protection, the United States Supreme Court has held that "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States,* 389 U.S. 347, 351 (U. S. 1967). Since that time, Federal Courts have considered expectations of privacy with respect to computers and public domain websites. While a person generally has a reasonable expectation of privacy in the contents of their own computer, there is no such expectation "when a computer user disseminates information to the public through a website." *Palmieri v. United States,* 72 F. Supp. 3d 191, 210 (D.D.C. 2014), *see also*: *United States v. Heckenkamp,* 482 F.3d 1142, 1146 (9th Cir. 2007)- (user has expectation of privacy on their own computer).

17. Not only is the objection meritless, but Plaintiff also has on reasonable information and belief actively deleted and/or deactivated his Facebook account to withhold electronically stored information ("ESI") requested by the Defendants.

18. Even absent the discovery request from Third-Party Defendant, Plaintiff had a duty to preserve this evidence under FRCP 37(e) when he reasonably anticipated litigation. *Cohn v. Guaranteed Rate, Inc.,* 318 F.R.D. 350 (N.D. Ill. 2016)-

---

[7] Exhibit with PII has been filed under seal.

(duty to preserve encompasses any evidence the non-preserving party knew or reasonably could foresee would be relevant to action). That said, the duty to preserve and associated "reasonable anticipation of litigation" standard becomes straightforward once litigation as begun – not to mention when a discovery request has been issued. Once the discovery request was made, it is indisputable that Plaintiff's duty to preserve under FRCP 37(e) was triggered.

19. That duty to preserve extends to Plaintiff's social media posts on Facebook. Federal Court authority holds that a party must take reasonable steps to preserve all relevant ESI under FRCP 37(e), *including* emails, shared files, *social media*, and data sources. (*Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona,* 138 F. Supp. 3d 352, 387-88 (S.D.N.Y. 2015)- (emphasis added). Moreover, even the Committee notes and comments on FCRP 37(e) reference social media. Fed. R. Civ. P. 37(e).

20. Plaintiff has failed to take those reasonable steps. Instead, it seems he intentionally violated them by apparently deleting his Facebook page when asked about it. "The mind of justice, not merely its eyes, would have to be blind to attribute such an occurrence to mere fortuity." *Avery v. State of Ga.*, 345 U.S. 559, 564 (U. S. 1953)- (Frankfurter, concurring). Court intervention is now necessary.

## **LOCAL RULE 37.2**

21. The parties have complied with Local Rule 37.2. Multiple dispute resolution efforts have been made by letter and emails confirming discussions both by email and by telephone through the winter and now into spring. Attached is a

8

recent court reported transcript. (See, Exhibit B pages 1- 8 attached). Simply put, the non-compliance by Plaintiff still is ongoing and there appears to be no serious effort to comply: Plaintiff said nothing about the recent treatment during any call.

## STANDARD AND APPLICABLE LAW

22. Rule 26(e) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> **Rule 26 (e) SUPPLEMENTING DISCLOSURES AND RESPONSES.**
>
> (1) *In General.* A party who has made a disclosure under Rule 26 (a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>> (B) as ordered by the court.
>
> Fed. R. Civ. P. 26(e).
>
> Rule 37(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that:
>
> ... A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
>> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>>
>> (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

9

> … [A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.
>
> Fed. R. Civ. P. 37(a).

23. Rule 37(e) of the Federal Rules of Civil Procedure also provides in pertinent part, that:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.
>
> Fed. R. Civ. P. 37(e)

24. The Federal Rules grant the district court significant discretion in ruling on a motion to compel. *Gile v. United Airlines, Inc.,* 95 F.3d 492, 495-6 (7th Cir. 1996) (citing Fed. R. Civ. P. 34(b), 26(a)). The federal discovery rules are liberal in order to assist in preparation for trial and settlement of litigated disputes." *1221122 Ont.*

*Ltd. v. TCP Water Solutions, Inc.*, 2011 U.S. Dist. LEXIS 67401, at *5 (N.D. Ill. June 23, 2011).

25. Federal Rule of Civil Procedure 34(a)(1) requires a party responding to discovery requests to produce documents and information that is within its "possession, custody, or control." A party does not need to have physical possession of documents to control them within the meaning of Rule 34; "rather, the test is whether the party has a legal right to obtain them." *Meridian Labs., Inc. v. OncoGenerix USA, Inc.,* 333 F.R.D. 131, 135 (N.D. Ill. 2019)- (internal quotation and citation omitted). The question of control is often highly fact-specific and requires a close look at the underlying circumstances. See, 8B Wright & Miller, Fed. Prac. & Proc. Civ. § 2210 (3d ed.). The party seeking the production of documents carries the burden of showing that the opposing party controls those documents. *Meridian Labs.,* 333 F.R.D. at 135.

26. "Control" of documents Rule 34(a) requires the disclosure of those documents in a respondent's "possession, custody, or control." Fed. R. Civ. P. 34(a). The phrase is disjunctive, requiring only a single element to be met. *Cumis Ins. Society, Inc. v. South-Coast Bank*, 610 F.Supp. 193, 196 (N.D. Ind. 1985); see also *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (holding actual possession of documents is not required under Rule 34(a)). "Control is defined as the legal right to obtain document on demand." *FTC v. Braswell, No. CV 03-3700-DT(PJWx),* 2005 U.S. Dist. LEXIS 42817, at *8 (C.D. Cal. Sept. 26, 2005). Control, when concerning discovery, is to be broadly construed, including whether there is the ability to obtain documents. *New York ex re. Boardman v. Nat'l R.R. Passenger Corp.,* 233 F.R.D. 259,

11

268 (N.D.N.Y. 2006); see also, *Prokosch v. Catalina Lighting, Inc.,* 193 F.R.D. 633, 636 (D. Minn. 2000) (holding that "control" does not require ownership, just the ability to obtain a document on demand). Even documents in other countries are discoverable. *Novelty, Inc. v. Mt. View Mktg, Inc.,* 265 F.R.D. 370, 377 (S.D. Ind. 2009).

## **ARGUMENT**

### **I. PLAINTIFF HAS FAILED HIS PAST AND ONGOING DISCLOSURE OBLIGATIONS**

27. To their chagrin, Defendant and Third-Party Defendant have heard nothing about any impending surgery, recent treatment, or past medical treatment. It is impossible to be prepared for a deposition when the Plaintiff has failed in his most basic obligation to keep the parties in the case apprised of his claims of injuries and damages.

27. As of the date of this motion, Plaintiff still has not revealed what the surgery is for, where has Plaintiff been treating, when the surgery will proceed, or where will the surgery proceed. Movants can therefore not even begin to obtain medical records to prepare their defense and prepare to depose the Plaintiff.

28. A post-deposition supplement is insufficient. If the deposition is to proceed, and the discovery schedule is to be met, the Plaintiff must produce all records at least five (5) days before the deposition.

29. Just as he failed to keep Defendant and Third-Party Defendant apprised of current treatment, Plaintiff has similarly failed to disclose prior treatment. Defendant and Third-Party Defendant should not have to guess or speculate as to what surgeries and treatment the Plaintiff had and what impact they may have had

on his current medical condition. For the deposition to proceed, the Plaintiff must properly comply with discovery within the same timeframe.

30. Even if the Plaintiff were to ultimately comply with discovery, that would still be insufficient. Plaintiff seems to have no intention to follow the Rules.

## II. PLAINTIFF HAS ENGAGED IN SPOLIATION OF EVIDENCE

31. Plaintiff has demonstrated a willingness to not just shirk the rules, but to deliberately violate them by spoiling evidence. Spoliation of evidence occurs when one party destroys evidence relevant to an issue in the case. *Cohn v. Guaranteed Rate, Inc.*, 318 F.R.D. 353 (N.D. Ill. 2016).

32. The evidence was both relevant and discoverable. Plaintiff is claiming personal injury and associated damages (pain and suffering, loss of normal life, etc.) following the accident. The Facebook posts, updates, photos, and activity both before and after the alleged June 14, 2017 accident are directly relevant to the nature and scope of his injuries, pain, suffering, loss of normal life, disability, and loss of earning capacity. Most importantly, this information was likely to demonstrate Plaintiff's physical condition and abilities in the days, weeks, months, and years since the accident.

33. This material is no longer available and may never be recoverable in the same form and substance that Facebook once provided. Mr. Torgersen and his counsel must explain how, when, and why the page was deleted and to what extent the material can be restored.

34. The District Court has broad, inherent power to impose sanctions for failure to produce discovery and for destruction of evidence, over and above the provisions of the Federal Rules of Civil Procedure Rule 37(e). *Cohn v. Guaranteed Rate, Inc.*, 318 F.R.D. 350 (N.D. Ill. 2016).

35. When determining whether to impose sanctions for spoliation of evidence, the court must find that: (1) there was a duty to preserve the specific documents and/or evidence; (2) the duty was breached; (3) the other party was harmed by the breach; and (4) the breach was caused by the breaching party's willfulness, bad faith, or fault. *Cohn* at 354.

36. Significant questions remain about the Facebook page and the nature of the deletion. Movants' counsels had contemplated asking the Plaintiff information at his deposition, but it has become clear that the Plaintiff has little interest in complying with the Rules.

37. Given the multiple, repeat discovery violations and failures, Defendant and Third-Party Defendant request an evidentiary hearing on Plaintiff's repeated discovery lapses so that Plaintiff may explain (1) why he has failed to disclose recent medical treatment, (2) why he has failed to disclose prior medical treatment, and (3) to what extent he intentionally engaged in spoliation of evidence, and if so (4) to what extent the material is irretrievable and the Defendants have been prejudiced by the same.

38. As noted above, Federal Courts have an inherent power to impose appropriate sanctions for discovery abuses. Following the evidentiary hearing,

Defendant and Third-Party Defendant request leave to file a brief in support of sanctions against Plaintiff that they believe to be warranted under the law.

WHEREFORE, Defendant SIEMENS INDUSTRY, INC., and Third-Party Defendant LLD Electric Co. pray this Honorable Court enter an order staying the discovery deadline and setting this matter for an evidentiary hearing, or for any other relief this Court deems just and proper.

Respectfully submitted,

CAMELI & HOAG, P.C.

/s/ *Thomas F. Cameli*
Thomas F. Cameli (ARDC # 6190288)
Alan J. Brinkmeier (ARDC #6187198)
CAMELI & HOAG, P.C.
105 West Adams Street, Suite 1430
Chicago, Illinois 60603
312-726-7300
312-726-7302 (fax)
tcameli@camelihoaglaw.com
abrinkmeier@camelihoaglaw.com
*Attorneys for Movant Siemens Industry, Inc., successor by merger to Siemens Building Technology, Inc., and successor by merger to Siemens Energy & Automation, Inc., and Siemens Corporation*

/s/ *Michael A. Schlechtweg*
Michael A. Schlechtweg
Joseph J. Klocke
SmithAmundsen, LLC
150 N. Michigan, Suite 3300
Chicago, IL 60607
mschlechtweg@salawus.com
jklocke@salawus.com
*Attorneys for Movant LLD Electric Co., Inc.*

15

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on April 1, 2021, he filed the foregoing document via this Court's CM/ECF system, which will provide service on all parties of record.


                                                      /s/ Thomas F. Cameli